HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELSEY ANN PITTS,

              Plaintiff,

     v.

GENERAL ELECTRIC COMPANY,
et al.,

              Defendants.

CASE NO. C13-1630 RAJ

ORDER

This matter comes before the Court on Plaintiff's Motion to Grant Relief from Deadline to Set Aside Mediation Agreement and Closure of Case. Dkt. # 154. Defendant General Electric Company ("GE") opposes the motion. Dkt. # 157.[1] For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

---

[1] The Court strongly disfavors footnoted legal citations. Footnoted citations serve as an end-run around page limits and formatting requirements dictated by the Local Rules. *See* Local Rules W.D. Wash. LCR 7(e). Moreover, several courts have observed that "citations are highly relevant in a legal brief" and including them in footnotes "makes brief-reading difficult." *Wichansky v. Zowine*, No. CV-13-01208-PHX-DGC, 2014 WL 289924, at *1 (D. Ariz. Jan. 24, 2014). The Court strongly discourages the Parties from footnoting their legal citations in any future submissions. *See Kano v. Nat'l Consumer Co-op Bank*, 22 F.3d 899-900 (9th Cir. 1994).

1    In June 2015, the parties mediated this matter and came to a resolution.  The
2  parties stipulated to a dismissal of all claims with prejudice; the Court accepted the
3  stipulation and dismissed the case.  Dkt. # 150.  Now, more than a year later, Plaintiff
4  asks the Court to set aside the settlement and reopen this matter because she claims that
5  she was coerced by her attorney to sign the agreement with GE.  Dkt. # 154.

6    Federal Rule of Civil Procedure 60(b) affords a party relief from a final judgment,
7  order, or proceeding.  A party seeking relief under Rule 60(b)(1)-(3) must do so within
8  one year after entry of the judgment.  Fed. R. Civ. P. 60(c)(1).  A party seeking relief
9  under the remaining subsections of Rule 60(b) must do so "within a reasonable time."  *Id.*
10 Because Plaintiff filed this motion more than one year after the Court entered its final
11 judgment, the only relevant provision available to Plaintiff is Rule 60(b)(6).  Subsection
12 (b)(6) is a catchall provision allowing relief for "any other reason that justifies relief."
13 Fed. R. Civ. P. 60(b)(6).

14   Plaintiff's arguments are based on her attorneys' conduct during settlement
15 negotiations.  Dkt. # 154.  She does not allege any misconduct on the part of GE.  *Id.*  In
16 similar situations, the federal courts agree that Rule 60

17        [I]s not intended to remedy the effects of a litigation decision
18        that a party later comes to regret through subsequently-gained
19        knowledge that corrects the erroneous legal advice of counsel.
20        . . . [P]arties should be bound by and accountable for the
21        deliberate actions of themselves and their chosen counsel. This
22        includes not only an innocent, albeit careless or negligent,
23        attorney mistake, but also intentional attorney misconduct.
24        Such mistakes are more appropriately addressed through
25        malpractice claims.

26

27

ORDER- 2

1   *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006).  "A party will

2   not be released from a poor litigation decision made because of inaccurate information or

3   advice, even if provided by an attorney."  *Id.* at 1101-102.

4        Rule 60(b)(6) is an extraordinary remedy that is used sparingly.  *Id.* at 1103 (citing

5   *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005)).  Plaintiff offers no

6   reason for why she could not have brought this motion earlier.  Moreover, a party who

7   fails to take timely action under Rule 60(b)(1)-(3) "may not seek relief more than a year

8   after the judgment by resorting to subsection (6)" without showing "extraordinary

9   circumstances" that suggest "the party is faultless for the delay."  *Pioneer Inv. Services*

10  *Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393 (1993).  Plaintiff does

11  not demonstrate any "extraordinary circumstances" that would justify the kind of relief

12  she seeks in her motion.

13       Plaintiff fails to meet her burden under Rule 60.  Accordingly, the Court **DENIES**

14  her motion.  Dkt. # 154.  This matter remains **CLOSED**.  The Clerk is instructed to

15  **TERMINATE** any remaining motions pending on the docket.  Dkt. ## 152, 153, 155.

16

17       Dated this 21st day of March, 2017.

18

19

20       _____

21       The Honorable Richard A. Jones
         United States District Judge

22

23

24

25

26

27

ORDER- 3